Filed 1/9/14  Kristina T. v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KRISTINA T.,<br><br>　　　　Petitioner,<br><br>　v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>　　　　Respondent;<br><br>MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>　　　　Real Party in Interest. | F068337<br><br>(Super. Ct. No. JP000880)<br><br>**O P I N I O N** |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian L. McCabe, Judge.

Kristina T., in pro per., for Petitioner.

No appearance for Respondent.

James N. Fincher, County Counsel, and Sheri L. Damon, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

\*　　Before Levy, Acting P.J., Cornell, J., and Detjen, J.

Kristina T. in propria persona seeks extraordinary writ relief from the juvenile court's orders denying her reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(2)[1] because of her mental disability and setting a section 366.26 hearing as to her four-month-old son, Justin. We deny the petition.

### PROCEDURAL AND FACTUAL SUMMARY

In August 2013, the Merced County Human Services Agency (agency) took then newborn Justin into protective custody out of concern his mother, Kristina, could not take care of him. According to the hospital staff, Kristina appeared mentally unstable and delusional. Kristina's mother told the staff Kristina was diagnosed with schizophrenia and refused medication and treatment because she did not believe there was anything wrong with her. The previous March, the agency removed Kristina's other three minor children because of neglect and placed them with their fathers.

The agency filed a dependency petition on Justin's behalf and identified Jason as his father. Jason's whereabouts were unknown.

The juvenile court appointed a guardian ad litem for Kristina and ordered Justin detained. The juvenile court also adjudged Justin a dependent child and ordered Kristina to undergo a psychological evaluation to determine if she could benefit from reunification services. If the result of the first psychological evaluation was that Kristina would not benefit from services, then the court's order included a second evaluation. The agency placed Justin in foster care.

In October 2013, Kristina was evaluated by two clinical psychologists who confirmed a diagnosis of schizophrenia and opined she had a mental disability that rendered her incapable of benefiting from reunification services. One of the

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

psychologists stated Kristina was experiencing a thought disorder manifested by unusual perceptual experiences, inappropriate and constricted affect and odd, eccentric, and unusual behavior. Kristina, however, denied having any psychological disturbance and refused psychological treatment. Both psychologists believed that Kristina had been suffering from psychological problems for some time, possibly years.

In light of the psychologists' reports, the agency recommended the juvenile court deny Kristina reunification services under section 361.5, subdivision (b)(2) because of her mental disability.

In November 2013, the juvenile court convened the dispositional hearing. Kristina's attorney informed the court that Kristina had been taking psychotropic medication for almost a week and asked for a six-week continuance so that she could be reevaluated after the medication had taken effect. The juvenile court declined to do so, ordered Justin removed from Kristina's custody, denied her reunification services as recommended, and set a section 366.26 hearing for March 2014. This petition ensued.

## DISCUSSION

Kristina contends the juvenile court erred in removing Justin from her custody and denying her reunification services under section 361.5, subdivision (b)(2).[2]

Kristina seeks an extraordinary writ directing the juvenile court to order reunification services for her and/or to return Justin to her custody. We decline to provide relief for the reasons we now explain.

---

[2]    Real party in interest contends Kristina's writ petition is facially inadequate and should be dismissed because Kristina did not include a statement of facts and a memorandum of points and authorities and did not support her claims of error with proper citation to the appellate record and to legal authority as required by California Rules of Court, rule 8.452(b). We decline to dismiss the writ petition and will liberally construe it in favor of its sufficiency. (Cal. Rules of Court, rule 8.452(a)(1).)

3

The juvenile court can remove a child from parental custody, if it finds "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's ... physical custody." (§ 361, subd. (c)(1).) The court must also determine whether reasonable efforts were made to prevent or eliminate the need for the child's removal. (§ 361, subd. (d).)

The juvenile court can also deny a parent reunification services if it finds by clear and convincing evidence that the parent is described by any of the exceptions set forth in section 361.5, subdivision (b). (§ 361.5, subd. (b)(1)-(16).)

We review the juvenile court's orders for substantial evidence, bearing in mind that clear and convincing evidence requires a heightened burden of proof. (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.) Further, we confine our review to the record that was before the juvenile court for consideration. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

Kristina in essence contends there was no need to remove Justin from her custody because he was never in danger of being physically, verbally or sexually abused. Instead, she argues, he was removed because her house was dirty and she neglected him. Further, she argues, it was safe to return him to her custody because she was living with her mother and her mental state had improved with medication. She included with her writ petition a letter from her physician dated December 11, 2013, stating her thoughts were "much more clear" since she began taking medication.

As we stated above, this court can only review evidence considered by the juvenile court. Since the physician's progress letter was not before the juvenile court, we will not review it. Further, in reviewing the record, we determine whether substantial evidence supports the order the juvenile court made, not whether it supports a contrary order.

4

Here, there was compelling evidence that Justin could not be safely returned to Kristina's custody.  According to the psychologists, she was so delusional that she was unable to care for herself much less Justin.  Further, the juvenile court was aware that Kristina was living with her mother yet determined that placing Justin with Kristina was not an alternative to removal.  Given the severity of Kristina's illness at that time, the juvenile court could reasonably conclude Justin would not be safe living with Kristina even if the grandmother were there.

Further, substantial evidence supports the juvenile court's order denying Kristina reunification services.  The juvenile court may deny a parent reunification services under section 361.5, subdivision (b)(2), if it finds by clear and convincing evidence that the parent suffers "from a mental disability that is described in Chapter 2 (commencing with Section 7820) of Part 4 of Division 12 of the Family Code and that renders him or her incapable of utilizing those services."  (§ 361.5, subd. (b)(2).)  Family Code section 7827, subdivision (a) defines the "mentally disabled" parent as one suffering a mental incapacity or mental disorder that renders the parent unable to adequately care for and control the child.  A finding of mental disability must be supported by the opinion of two mental health experts who meet the qualifications set forth in Family Code section 7827, subdivision (c).

In this case, the juvenile court had the expert opinion of two psychologists that Kristina suffers from a mental disability that renders her incapable of adequately caring for Justin.

Kristina does not dispute the substance of the psychologists' opinions.  Instead, she offers medical information that her mental state subsequently improved with medication.  Based on that information, she contends, the juvenile court should reevaluate whether she has a mental disability and whether with time and proper treatment she could properly care for Justin.

5

For the reason stated above, we cannot consider the physician's letter. Nevertheless, Kristina may petition the juvenile court under section 388 to modify its order denying her reunification services on the grounds that her improved mental health constitutes a change in circumstances subsequent to the juvenile court's denial order. In doing so, Kristina would also have to show that reunification services would serve Justin's best interests.[3]

We conclude substantial evidence supports the juvenile court's orders removing Justin from Kristina's custody and denying her reunification services under subdivision (b)(2) of section 361.5 and deny the petition.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.

---

[3] Section 388 allows the parent of a child adjudged a dependent of the juvenile court to petition the court to change, modify or set aside any order upon grounds of change of circumstance or new evidence.